## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WATKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-0404-CV-W-HFS-P |
| ) | |
| CHUCK DWYER, ) | |
| ) | |
| Respondent. | |

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 convictions and sentences for first degree robbery and armed criminal action, which were entered in the Circuit Court of Boone County, Missouri. Petitioner raises the following four (4) grounds for relief: (1) the trial court erred in not compelling witness Marlon Jordan to testify when defense counsel attempted to introduce a letter written by Jordan and Jordan invoked his privilege against self-incrimination; (2) the trial court erred in sustaining a state objection to the letter written by Marlon Jordan on hearsay grounds; (3) trial counsel[1] was ineffective in not providing demonstrative evidence for the jury concerning the height of the second robber as described by an eyewitness; and (4) trial counsel was ineffective for not filing and litigating a motion to suppress the identification made by witness Don Nickens. Respondent maintains that Grounds 1 and 2 are without merit and that petitioner failed to raise Grounds

---

[1] As respondent contends, petitioner's habeas petition asserts that the trial court erred in not providing demonstrative evidence to illustrate the eyewitness testimony. This Court agrees with respondent's understanding that petitioner means to allege a deficiency by trial counsel, as that is the claim he alleged in his state post-conviction relief motion. Any other claim would be procedurally defaulted in the state courts.

3 and 4 in his Rule 29.15 appeal, making those claims procedurally barred.

## Procedurally Defaulted Grounds

In Ground 3, petitioner contends that he was denied his right to due process guaranteed under the Fourteenth Amendment to the U.S. Constitution because trial counsel was ineffective in not providing demonstrative evidence for the jury concerning the height of the second robber as described by an eyewitness. Petitioner asserts that, after identifying one suspect, the witness testified that the second robber could have been either of the two remaining passengers in the vehicle. Petitioner further asserts that, the witness's statement that the second robber was a head taller than the witness himself, who stated his own height as being between 5'7" and 5'10', would make the second robber closer to the height of the other passenger than to petitioner's height of 5'7". The Rule 29.15 court found Ground 3 to be without merit. Respondent's Exhibit 10, pp. 29-32.

In Ground 4, petitioner contends that trial counsel was ineffective for not filing and litigating a motion to suppress the identification made by witness Don Nickens. Petitioner asserts that the identification made by the witness was unreasonable because the police brought the witness to the site of the traffic stop to identify petitioner. The Rule 29.15 court found Ground 4 to be without merit. Respondent's Exhibit 10, pp. 33-36. Petitioner failed to present Grounds 3 and 4 to the state courts in his Rule 29.15 appeal. Respondent's Exhibit 11, p. 11.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

2

3 and 4 in his Rule 29.15 appeal, making those claims procedurally barred.

## Procedurally Defaulted Grounds

In Ground 3, petitioner contends that he was denied his right to due process guaranteed under the Fourteenth Amendment to the U.S. Constitution because trial counsel was ineffective in not providing demonstrative evidence for the jury concerning the height of the second robber as described by an eyewitness. Petitioner asserts that, after identifying one suspect, the witness testified that the second robber could have been either of the two remaining passengers in the vehicle. Petitioner further asserts that, the witness's statement that the second robber was a head taller than the witness himself, who stated his own height as being between 5'7" and 5'10', would make the second robber closer to the height of the other passenger than to petitioner's height of 5'7". The Rule 29.15 court found Ground 3 to be without merit. Respondent's Exhibit 10, pp. 29-32.

In Ground 4, petitioner contends that trial counsel was ineffective for not filing and litigating a motion to suppress the identification made by witness Don Nickens. Petitioner asserts that the identification made by the witness was unreasonable because the police brought the witness to the site of the traffic stop to identify petitioner. The Rule 29.15 court found Ground 4 to be without merit. Respondent's Exhibit 10, pp. 33-36. Petitioner failed to present Grounds 3 and 4 to the state courts in his Rule 29.15 appeal. Respondent's Exhibit 11, p. 11.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

2

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 12.

If petitioner contends that ineffective assistance of Rule 29.15 appellate counsel caused his state procedural default, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 3 and 4 will be denied.

**Grounds 1 and 2**

In Ground 1, petitioner contends that the trial court erred in not compelling witness Marlon Jordan to testify when defense counsel attempted to introduce a letter written by Jordan and Jordan invoked his privilege against self-incrimination. Petitioner argues that, by abusing its discretion, the trial court denied him the opportunity to present his defense. The Missouri Court of Appeals, in petitioner's direct appeal from the judgment of his conviction and sentence in the Circuit Court of Boone County, held the following with regard to petitioner's claim in Ground 1:

3

As the State concedes, the trial court did err in allowing Jordan to refuse to answer defense counsel's questions on Fifth Amendment grounds. The Fifth Amendment protects an individual from being compelled to provide testimonial evidence against himself. *State v. Sanders*, 842 S.W.2d 170, 173 (Mo. [Ct.] App. 1992). Article I, section 19 of the Missouri Constitution similarly secures the privilege against self-incrimination and has been interpreted consistently with the Fifth Amendment privilege. *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 767 (Mo. banc 1987).

A witness validly exercises the privilege where an answer to the question propounded subjects the witness to a real danger of further incrimination. *See Sanders*, 842 S.W.2d at 173 (citing *Hoffman v. United States*, 341 U.S. 479, 486, 71 S. Ct. 814, 95 L. Ed. 1118 (1951)). Resolution as to whether a claim of privilege is proper rests within the sound judgment of the trial court. *State v. Wright*, 582 S.W.2d 275, 282 (Mo. banc 1979).

In the instant case, Jordan did not validly exercise his Fifth Amendment privilege. The questions asked of Jordan by defense counsel did not subject him to a real danger of incrimination. Defense counsel attempted to elicit from Jordan whether he had been incarcerated in the Boone County Jail, whether he was incarcerated in the Boone County Jail on September 21, or whether he had mailed a letter to defense counsel at his office. Defense counsel was attempting to lay the foundation in order to admit Jordan's letter. By answering these questions Jordan could not have incriminated himself.

The trial court appeared to believe that the possibility that Jordan thought he might perjure himself was grounds for him to invoke the privilege. However, the possibility that a witness may perjure himself if compelled to testify is not a proper basis for invocation of an otherwise invalid claim of privilege against self-incrimination. *State v. Benson*, 633 S.W.2d 200, 202 (Mo. [Ct.] App. 1982). Thus, in refusing to compel Jordan to testify the trial court abused its discretion.

Nevertheless, we must consider whether the erroneous exclusion of the proposed defense evidence constituted reversible error. The prejudice analysis requires an analysis of whether Dabney's statements to Jordan would have been admissible as an exception to the hearsay rule and whether the letter itself was admissible as contended by Watkins in his second point on appeal. Jordan's letter indicates that William Dabney came to his cell at the Boone County Jail on September 21. According to the letter, the two men were talking about things on the streets. Dabney told Jordan that he was in the county jail because he and Bryant Brown robbed some people at a store. According to Jordan, Dabney indicated that he was not worried about being convicted because "the stupid prosecutors are trying to get Chris Watkins for the robbery." The letter also maintained that Dabney believed he would get off because, when the men were pulled over by the police after the robbery, Watkins was wearing the pants that Dabney had worn while committing the robbery. Jordan said that he wrote the letter because he did not believe that Watkins should do time for someone else. . . .

. . . .

4

. . . In the instant case, Dabney was unavailable as a witness because when called as a witness by Watkins, he refused to testify. There is no evidence that Dabney's statement was spontaneously made to a close acquaintance shortly after the crime occurred. Jordan's letter indicates that Dabney came to his cell five months after the robbery. Jordan's letter indicates that Dabney was not a close acquaintance but that the two men were just first meeting and talking about "things on the streets" and people they both knew on the streets. Jordan's letter also indicates that Dabney's statement was not spontaneous as he asked Dabney why he was in the county jail. Because Dabney's statements did not meet the indicia of reliability in order to be admissible as declarations against penal interest, the statements would have not been admissible even if Jordan had testified.

Respondent's Exhibit 8, pp. 6-9.

A state court evidentiary ruling will be reversed "only if the petitioner . . . show[s] that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (internal quotations omitted). It must be shown that a "reasonable probability" exists that the alleged error had an affect on the trial outcome. Id. Although an exception to the hearsay rule does allow admission of declarations against interest,[2] the letter written by Jordan does not meet the reliability standard set forth in Chambers v. Mississippi, 410 U.S. 284, 299 (1973) (Tests of reliability: (1) each confession was in a very real sense self-incriminatory and unquestionably against interest; (2) each statement was spontaneously made to a close acquaintance shortly after the crime occurred; and (3) the statements were corroborated by other evidence). Because the letter itself was inadmissable, petitioner's case was not prejudiced by the actions of the trial court. The Missouri Court of Appeals' resolution of this claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1).

---

[2] An exception founded on the assumption that a person is unlikely to fabricate a statement against his own interest at the time it is made. Chambers, 410 U.S. at 299.

In Ground 2, petitioner contends that the trial court erred in sustaining a state objection to the letter written by Marlon Jordan on hearsay grounds. Petitioner argues that, the letter was admissible as a declaration against penal interest and the letter offered evidence of a direct link between Dabney and the robbery. The Missouri Court of Appeals found the claim to be without merit:

> Watkin's second point argues that the trial court abused its discretion in refusing to admit the letter written by Jordan to defense counsel containing Dabney's exculpatory out of court statements because the letter was admissible as a declaration against penal interest. The State maintains the trial court did not abuse its discretion in refusing to admit the letter because the letter was inadmissible double hearsay in that the letter itself was hearsay, which fell under no exception to the hearsay rule, and Dabney's statements within the letter were also hearsay, not admissible as statements against penal interest because they were not made spontaneously to a close acquaintance shortly after the crime. Had Jordan testified that he authored the letter and mailed it to defense counsel, the letter still would not have been admissible because the letter contained inadmissible hearsay evidence. Nor would any testimony by Jordan about the contents of the letter have been admissible.

Respondent's Exhibit 8, p. 9.

Petitioner has not demonstrated that the Missouri Court of Appeals' decision as to Ground 2 "was contrary to, or involved an unreasonable application of, clearly established Federal law... or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1) and (2); U.S. v. One Star, 979 F.2d 1319, 1322 (8th Cir.1992) (test to determine trustworthiness of a statement against penal interest: (1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, (2) the general character of the speaker, (3) whether other people heard the out-of-court statement, (4) whether the statement was made spontaneously, and (5) the timing of the declaration and the relationship between the speaker and the witness); Turner v. Armontrout, 845 F.2d 165, 169-70 (8th Cir.) (state court ruling on exclusion of declaration against penal

interest upheld in federal habeas corpus proceeding), cert. denied, 488 U.S. 928 (1988). Jordan's letter was double hearsay, probably created specifically to aid Watkins in litigation, and its exclusion did not violate any federal constitutional provision. Ground 2 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

     /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated: 9/8/05